Commissioners Court of Wilbarger County v. L. N. Perkins.

No. 87.

### Compensation for Assessors—Funded Indebtedness.

Under section 3 of chapter 79, Acts of Twenty-first Legislature, page 89, authorizing counties to fund their indebtedness and to provide means of payment, it is prescribed that the assessor. etc., "shall receive for their services one-fourth the rate of commissions allowed for assessing * * * the State tax." The general laws allow commissions upon the amount upon the rolls, and provide that the State pay two-thirds and the county one-third of the expense. Under these laws, the assessor for the special assessment would be entitled to receive one-fourth of two-thirds of the commissions allowed for the assessment of State and county taxes.............................................. 349

Certified Question from Court of Civil Appeals for Second District, in an appeal from Wilbarger County.

*S. P. Sadler*, for appellant.

*L. N. Perkins*, for self.

STAYTON, Chief Justice.—The general law regulating the compensation of assessors provides, that "Each assessor of taxes shall receive the following compensation for his services, which shall be estimated upon the total values of property assessed, as follows: For assessing the State and county taxes, on all sums of two million of dollars or less, five cents for each one hundred dollars of property assessed; and all sums over two millions and less than five millions of dollars, two and one-half cents on each one hundred dollars; and all sums over five millions of dollars, two cents on each one hundred dollars. Two-thirds of the above fees shall be paid by the State, and one-third by the county."

The law authorizing counties to fund their indebtedness, after providing for raising funds by taxation to meet obligations issued to that end, provides, "that all taxes levied under this act shall be assessed and collected in the same manner and by the same officers whose duty it is to assess and collect the State tax, and they shall receive for their services one-fourth the rate of commissions allowed for assessing and collecting the State tax." Gen. Laws 1889, p. 89.

The question certified requires determination of the true measure of compensation an assessor is entitled to who makes an assessment to meet the funded indebtedness of a county.

The general law makes the total value of property assessed in a given case the basis for determining what rate of percentage on the sum so ascertained shall be paid to an assessor as his compensation, and two-thirds

of the rate so ascertained is the rate of percentage which must be paid to him in the given case as compensation for assessing the State tax.

The other third of the percentage, whatever it may be in a given case, is percentage paid as compensation for assessing county tax.

One-fourth of the rate of percentage allowed in a given case for assessing State tax is the rate allowed for assessing tax to meet funded indebtedness, and not one-fourth of what would be paid by State and county on assessment of same value made under the general laws.

This is in accordance with the plain letter of the law. That the rate of compensation of an assessor for making assessment to raise money to meet the funded indebtedness of a county must be *only one-fourth of the rate paid by the State on an assessment under the general law*, is evidenced by the further fact that the act regulating compensation is such cases applies to the collector as well as assessor, and declares that " they shall receive for their services one-fourth the rate of commissions allowed for assessing and collecting the State tax."

Under this law, the basis for determining what the assessor shall receive for his services in such cases is the same as that by which must be determined what the collector shall receive; and in the one case as in the other, the law makes *the sum to be paid by the State for like services*, under the general law, that basis.

The percentage allowed to collectors under the general law for collecting State and county taxes differs, as does the percentage paid by the State and counties on assessments covering the same property; but the compensation allowed for assessing and collecting under the act providing means to raise money to pay the funded indebtedness of counties is based on the sum the State pays for assessing and collecting under the general law.

It is true that compensation of assessors is based on the entire value of property assessed, as shown by the assessment, and that the compensation of collectors is based on the sum collected, and that the percentage allowed in the one case as in the other, rises or falls as the assessment or collection may be more or less; still the basis of compensation under the act providing means to raise money to pay the funded indebtedness of counties is what the State pays, determined by the percentage on assessment or collection.

For collecting such a tax a collector can only receive a commission amounting to one-fourth of what he would be entitled to receive for collecting the same sum for the State under the general law, and there is nothing in the statute showing intention to apply a different rule to assessors.