**ROWLEY et al. v. BRYAN et al. (No. 9966.)**

(Court of Civil Appeals of Texas. Fort Worth. April 15, 1922.)

**I. Brokers ⬠71—Mode of computing commission under contract for purchase of corporate stock stated.**

Defendant, a stockholder, desiring to obtain control of the corporation by purchase of the stock of stockholders hostile to him, employed plaintiff as a broker to secure money to make the purchase and to effect the transfer, agreeing to pay the broker a commission of 5 per cent. "on the price their properties are sold for to myself and associates," the purchase was effected, and the corporate property was transferred to a new corporation controlled by defendant and his associates. Held, that plaintiff's commissions were to be computed on the purchase price of the hostile stock purchased, and not on the value of the assets transferred to the new corporation.

**2. Evidence ⬠458—Parol evidence held proper to construe ambiguous written instrument.**

Where a letter to a broker promised to pay commissions on a transaction which was indefinitely and ambiguously described, parol evidence was admissible to show what the real transaction was in order to determine the basis on which the commissions should be computed.

**3. Corporations ⬠448(I)—Promoter's contract to pay broker's commissions held not to bind corporation thereafter formed.**

A letter by defendant to plaintiff, a broker, stating, "I will see that the 'I. Company' pay you * * * a commission on the price their properties are sold for to myself and associates," did not obligate a new company formed by defendant and the associates to take over the properties of the I. Company to pay such commissions.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by L. E. Rowley and another against C. A. Bryan and another. From a judgment for plaintiff for less relief than demanded, plaintiffs appeal. Affirmed.

Aynesworth & Williams, of Wichita Falls, for appellants.

Weeks, Morrow & Francis, of Wichita Falls, for appellees.

CONNER, C. J. This suit was filed by the appellants, L. E. Rowley and J. W.

Percival, against the appellees, C. A. Bryan and Bryan Oil Corporation, a corporation of which the said Bryan is president, for the sum of $22,198.62 alleged to be due appellants as a commission for the sale of the physical properties of the Imperial Petroleum Company. It was alleged that said property was so sold for the consideration of $493,972.58, and upon which sum appellee C. A. Bryan agreed, and became obligated to pay appellants a commission of 5 per cent., said commission aggregating $24,698.62, upon which, however, the plaintiffs admitted a credit of $2,500.

The appellees answered by a general demurrer, a general denial, and specially alleged that appellee C. A. Bryan and his brothers, during the fall and winter of 1919 and 1920, were large stockholders in the Imperial Petroleum Company, of which they had been the organizers, and former directors and trustees, but that, on account of misunderstandings with certain stockholders, they were ejected from their said positions, and became desirous of raising money with which to buy out such dissatisfied stockholders, and getting the company back into their own hands, and as a means to that end employed appellants, if at all, for the purpose of securing parties who would furnish money for the purpose of buying out the dissatisfied stockholders, and that, if they were liable to the plaintiffs in any sum, then it was only in a sum equal to 5 per cent. of the money secured for such purpose, to wit, $135,150; that 5 per cent. of this sum would amount to $6,757.50, which, after deducting the admitted credit of $2,500, would leave due the appellants only the sum of $4,257.50.

The case was tried without jury on the 10th day of June, 1921, and resulted in judgment for the appellants in the sum of $4,257.50, and it is of this judgment that appellants complain on this appeal.

Appellants based their suit upon the following letter written by appellee C. A. Bryan, as indicated therein, viz.:

"Hotel La Salle, Chicago, 12/16, 1919.

"Dear Mr. Rowley: I should have written you in Detroit the letter promised before left, but time passed in a hurry with us.

"As agreed, I will see that the Imperial Petroleum Co. pay you and Mr. Percival a commission of five (5%) per cent. on the price their properties are sold for to myself and associates under the deal through Mr. Sibley.

"It is understood, of course, that you are to assist in getting the approval of the Michigan Securities Commission for sale of stock in Michigan by my new company, also to assist in getting charter in Delaware.

"Commission payable in same proportion and in same manner as Imperial get their money.

"I believe this is what you want. If not clear enough, it can be revised when I see you in Wichita Falls. I will see Mr. Percival and

try to arrange commission as I talked with you. I am leaving to-morrow & expect to be in Wichita Falls on the 20th. I hope we can get everything arranged as soon as possible after Jan. 1st.

"Mrs. Bryan joins me in wishing you a merry Xmas & a very happy & prosperous New Year.

"Very truly yours, Chas. A. Bryan."

The trial court evidently concluded from the evidence that a true interpretation of the transaction between the parties was that, as alleged by appellees, they became desirous, not of selling their interest or their stock in the Imperial Petroleum Company, but of purchasing the stock of the dissatisfied stockholders and reorganizing the company; that, pursuant to that purpose, appellants were employed to assist in the reorganization, and did assist in the reorganization by securing a charter from the state of Delaware, and a permit from the state of Michigan for the sale of stock in the new company, it being finally concluded to reorganize in that way.

[1,2] Appellants undertook to, and did, assist in bringing C. A. Bryan in touch with J. W. Sibley & Co., of Michigan, who, by the sale of stock in the new company, secured and furnished to C. A. Bryan the amount necessary to buy the stock of all dissatisfied stockholders in the Imperial Petroleum Company, to wit, $135,150, after which that company, through its trustees, executed formal conveyance to the new company of all the tangible assets, such as mineral leases, oil wells, oil machinery, and so forth, for a stated consideration of $493,-972.58. But the letter made the basis of appellants' suit promised payment of commissions "in same proportion and in same manner as Imperial get their money." Literally speaking, as shown by evidence evidently credited by the court below, the Imperial Petroleum Company, as such, received no money whatever. The stock of nonconsenting and dissatisfied stockholders was purchased, and appellee C. A. Bryan and other consenting stockholders merely surrendered or canceled their stock in the Imperial Petroleum Company and took stock of equivalent value in the Bryan Oil Corporation, which had been formed for reorganization purposes. After the elimination of the dissatisfied stockholders C. A. Bryan and the other consenting stockholders in the Imperial Petroleum Company were the equitable owners of all of its physical properties. There was no real sale of such equitable interest. They continued to be such equitable owners after becoming stockholders in the Bryan Oil Corporation. The change, so to speak, was but a mere transformation, and not a sale. In this view of the evidence the trial court undoubtedly

allowed appellants full compensation as specified in the C. A. Bryan letter, and we are of the opinion that the references in that letter to Mr. Sibley, and of the manner of payment of commissions, authorized parol evidence which tended to show that the real transaction between the parties was in substance as alleged and testified to by the appellee, C. A. Bryan.

[3] Nor do we think the court erred in declining to enter judgment against the Bryan Oil Corporation. The letter of C. A. Bryan was in the nature of a guaranty for the Imperial Petroleum Company, and does not purport to contract in behalf of the proposed new company, and the circumstances already indicated do not, in our opinion, create liability on the part of the Bryan Oil Corporation, the now holding company, within the rules announced in Weatherford, Mineral Wells & N. W. Ry. Co. v. Granger, 86 Tex 348, 24 S. W. 794, 40 Am. St. Rep. 837, and other authorities on the subject.

We conclude that the assignments of error should be overruled, and the judgment affirmed.